The opinion of the court was delivered by
Spencer, J.
This suit is brought before the Sixteenth District Court for the parish of Lafayette. Relators allege that they have brought suit in the Third Judicial District Court for the parish of Iberia, against Theodore Fontelieu, of said parish, to test his eligibility to the office of judge of said district, held by him. That the said Fontelieu, being defendant in said cause, and personally interested therein, is recused, and that T. J. Allison, the parish judge of said parish, is related to said Fontelieu within the fourth degree, and is incompetent to try, and by law recused in said cause. They, therefore, bring this proceeding before the nearest district judge, and pray for a rule on said Fontelieu *1123 and Allison to show cause why they should not be recused and said suit transferred to and tried in the district court in and for Lafayette parish, •agreeably to the provisions of act number 129 of 1877. The rule was granted by the judge of Sixteenth District, and the defendants ordered to show cause as prayed for, within three days from service thereof. •Judge Eontelieu being at the time in the parish of St. Mary, the rule was served on him personally by the sheriff of that parish.
On the appointed day the defendant, Eontelieu, appeared and filed exceptions as follows:
1. To the mode and place of service of the rule.
2. To the jurisdiction of the district court of Lafayette, on the •ground that he was a citizen of Iberia.
3. That act number 129, under which relators proceed, is in conflict with acts 90 and 111 of the Constitution.
The case was twice continued for want of service on Allison. On the seventh May the relators, alleging that Allison was a necessary party and had not yet been served, asked a further postponement to cite him. This was refused and the case taken up, and evidence pro and con introduced: The judge, thereupon, held that Allison was a necessary party, that the case could not be tried without him, that relators had shown no diligence in causing him to be served, and dismissed the rule as in case of nonsuit, Belators have appealed.
We shall consider’ seriatim, the various points raised, especially those relating to the constitutionality of act 129, since if that act is unconstitutional the proceeding must be dismissed for that if for no other reason.
1. We do not think that the service of a rule to show cause in a summary proceeding like this must necessarily be made in the parish of the defendant’s domicile, except when personal service can not be had. It is sufficient in this class of cases that the service be made in person on the defendant. It would be very inconvenient to hold that rules to show cause must be served in the parish of the domicile, for that would interfere too much with the progress of these summary proceedings. Thus a litigant in the courts of St. Landry, residing in 'Orleans, though personally present in St. Landry pending the progress of his suit, could not be served personally with any of the many rules that are granted daily in the courts. According to respondent’s views, a rule to show cause why testimony should not be read, would, in the case supposed, have to be sent and served at the domicile in New Orleans, if the party had no attorney present, although the party himself were present in the courthouse at Opelousas. We think the service in person on the defendant in St. Mary sufficient. He is deprived of no conceivable right by it, and can not be prejudiced by it.
*1124 2. The second objection is without force if the act 129 is the law,, since the will of the Legislature is unrestricted in determining where-parties may be sued.
3. Is act 129 in contravention of articles 90 and 114 of the Constitution? Article 90 is as follows: “In any case when the judge may be recused, and when he is not personally interested in the matters in contest, he shall select a lawyer * * * to try such case. And when the judge is personally interested in the suit, he shall call upon the parish or district judge, as the case may be, to try the case.”
The argument is that the case before us is provided for by this-article, and that, therefore, the act 129, providing a different mode of trial, is unconstitutional. It is contended that the district judge in this-case being personally interested, must call upon the parish judge, who,, thereupon, becomes district judge, pro hac vice, and who, not being personally interested, but only recusable on other grounds, has the power of selecting a lawyer to try the case. We can not accept this view. It is the judge before whose court the case is brought that has this power of selection. The article does not give the substituted judge ad hoc any such power. When the parish judge is substituted, there is no more-reason to say he has this power of selection, if recused, than for saying that the lawyer has, where he is substituted. Neither of them is the-judge of that court. They are both mere judges ad hoc.
Nor do we think the act is void under article 114, which provides-that “every law shall express its object or objects in its title.” The-purpose of this act is well known. It was to protect the Legislature by making the title of the act declarative of the general purposes of the-act, so that on hearing the title read (which is the usual mode of reading acts in legislative assemblies) the members would know the subject-matter in a general way, of the bill. The provisions of the act must be germain to the matter specified in the title. We think such is the case with act 129. We, therefore, conclude that said act is constitutional.
We have seen that under said act the parish judge was and is a necessary party to this proceeding. Until he was before the court the-case could not be tried. We know no rule of law that justified the district judge in dismissing the suit because he had not been cite'd. Of necessity the case should have been continued. So far as relates to the-convenience of the party who had been cited, the judge should have ordered notice to be given him after service had been effected on the other party of any future fixing of the case. We are not prepared under the facts disclosed in this record to condemn the relators for laches. They did their duty in ordering the process to issue. There is evidence in this record of undue and partisan interest exhibited by some of the parochial officers of Iberia which deserves censure. The judge- *1125 'before whom this case is pending is by virtue thereof seized of jurisdiction, quoad this case, over the officers of Iberia, and it is his duty to force them to do their duty, and in default to punish for the contempt, •and even by suspension. District Attorney vs. Richmond, 29 An.
It is therefore ordered and decreed that the judgment appealed •from be annulled and set aside, and that this case be remanded to be ¡proceeded with according to law and the views herein expressed..